IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE EDWARD COLES,

    Petitioner,                       No. CIV S-08-2134 DAD P

    vs.

D.K. SISTO, Warden,                ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 13, 2008, the undersigned ordered respondent to file a response to the petition. On February 4, 2009, respondent filed the pending motion to dismiss, arguing that petitioner failed to exhaust all of his federal constitutional claims by fairly presenting them first to the California Supreme Court. On February 24, 2009, petitioner filed a timely opposition to the motion. Respondent has not filed a reply.

**BACKGROUND**

        In 2007, a Sacramento County Superior Court jury found petitioner guilty of first-degree residential burglary. The jury also found a number of sentencing enhancement allegations to be true. In a bifurcated proceeding, the trial judge found that petitioner had suffered two prior serious felony convictions and sentenced him to thirty-five years to life in state prison. On April

1

21, 2008, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On June 25, 2008, the California Supreme Court denied review. (Pet. at 2; Resp't's Lodged Docs. 1-5.)

On or about September 11, 2008, petitioner filed the instant federal petition raising the following three claims:

> Ground one: Petitioner was denied his Sixth Amendment right of confrontation, due process of law, and a fair trial by the introduction of prejudicial hearsay testimony.
>
> Ground two: Petitioner contends his guaranteed right under the Sixth Amendment to the United States Constitution was severely abridged . . . [and that he was denied effective assistance of counsel during sentencing].
>
> Ground three: Petitioner contends the punishment imposed violates the Eighth Amendment's proscription against cruel and unusual punishment under the United States Constitution.

(Pet. at 5-6.)

**RESPONDENT'S MOTION TO DISMISS**

Respondent argues that petitioner's federal habeas petition should be dismissed because he failed to exhaust his state judicial remedies prior to filing his petition in federal court. Specifically, respondent contends that a comparison of petitioner's petition for review to the California Supreme Court and petitioner's federal petition for writ of habeas corpus demonstrates that petitioner failed to exhaust the second and third claims of his pending federal petition. Respondent argues that petitioner must satisfy the exhaustion requirement by providing the California Supreme Court with a full and fair opportunity to consider all of his claims before presenting them to a federal court and that the California Supreme Court has not had such an opportunity. Accordingly, respondent concludes that the instant petition should be dismissed. (Resp't's Mot. to Dismiss at 2-3 & Lodged Doc. 5.)

/////

/////

**PETITIONER'S OPPOSITION**

In opposition to respondent's motion to dismiss, petitioner argues that he has exhausted his state judicial remedies. Specifically, petitioner contends that the State of California filed an information against him and his co-defendant Roosevelt Leon Cathey alleging that both defendants had suffered two prior strikes. According to petitioner, their trial court and direct appeal case numbers were the same. Petitioner has attached to his opposition a petition for review filed with the California Supreme Court on Mr. Cathey's behalf. Therein, Mr. Cathey did appear to argue to the California Supreme Court that he had received ineffective assistance of counsel and that his right to be free from cruel and unusual punishment under the Eighth Amendment had been violated. Petitioner argues that he should not have to re-exhaust these claims. In the alternative, petitioner argues that if he does need to exhaust the second and third claims of his federal petition, the court should construe his petition as a "mixed" petition and grant him a stay and abeyance. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2 & Ex. A.)

**ANALYSIS**

I. <u>Exhaustion of State Judicial Remedies</u>

State courts must be given the first opportunity to decide a state prisoner's habeas corpus claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)). In general, a state prisoner's application for a writ of habeas corpus will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), <u>overruled</u>

on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

II. Discussion

As noted above, petitioner raises three claims in his federal habeas petition now before this court. (Pet. at 5-6.) After reviewing petitioner's petition for review filed with the California Supreme Court, this court finds that petitioner has failed to exhaust the second and third claims presented in his pending federal petition. Specifically, the sole argument presented to the California Supreme Court on his behalf was that he "should grant review to clarify when admission of irrelevant evidence emanating from a non-testifying witness constitutes a prejudicial violation of the Sixth and Fourteenth Amendments." (Resp't's Lodged Doc. 5.) This claim satisfies the exhaustion requirement only with respect to the first claim of petitioner's federal petition.

However, petitioner did not present any further claims to the California Supreme Court in his petition for review or in a subsequent petition for writ of habeas corpus. Nor has petitioner alleged that state court remedies are no longer available to him. Although petitioner's co-defendant may have raised claims in his petition for review that are similar to the second and third claims of petitioner's federal petition, petitioner's co-defendant's fair presentation of these claims has no bearing on petitioner's need to satisfy the exhaustion requirement. The California Supreme Court would have analyzed, and may well have decided, petitioner's claims differently from those presented by his co-defendant. See, e.g., Engle v. Isaac, 456 U.S. 107, 130 (1982) ("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."); Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993) (noting that the futility exception to exhaustion of state judicial remedies has been rejected by the Ninth Circuit in at least one post-Engle decision).

/////

For example, petitioner claims in his federal petition that his sentence violates the Eighth Amendment Cruel and Unusual Punishment Clause. He claims that this court should essentially deem this claim exhausted because his co-defendant, Mr. Cathey, raised an Eighth Amendment Cruel and Unusual Punishment claim in his petition for review to the California Supreme Court. Although petitioner and his co-defendant may have been charged together, they were convicted of different crimes.[1] On direct appeal, the California Court of Appeal analyzed the Eighth Amendment arguments of petitioner and Mr. Cathey separately based on these different facts and circumstances. (Id.) Presumably, the California Supreme Court would have done so as well if given the opportunity. However, petitioner never raised an Eighth Amendment claim before that court.[2]

Accordingly, the court finds that petitioner's federal petition is a "mixed" petition, containing both exhausted and unexhausted claims. A federal court cannot grant habeas relief based on a mixed petition. However, for reasons addressed below, respondent's motion to dismiss should not be granted at this time. Instead, petitioner should be given an opportunity to seek a stay and abeyance to allow him to return to state court to exhaust his unexhausted claims. See Rhines, 544 U.S. at 277.

/////

/////

---

[1] Petitioner was alleged to have committed the following crimes: residential burglary, receiving stolen property, being a convicted felon in possession of a firearm, illegally possessing a butterfly knife and firearm, and deterring an officer in the performance of his duties. In contrast, Mr. Cathey was charged with committing residential burglary, a dangerous felony, committed with an accomplice who was armed with a loaded firearm and knife. Moreover, petitioner and his co-defendant have very different prior criminal records. (Resp't's Lodged Doc. 4 at 13-16.)

[2] The court also notes that petitioner's co-defendant included in his petition for review an argument in which he stated "Petitioner Roosevelt Leon Cathey joins in all issues raised by co-petitioner George Edward Coles which may accrue to petitioner Cathey's benefit." Petitioner did not include such an argument in his petition for review. Under these circumstances it cannot be said that petitioner fairly presented the second and third claims of his federal petition to the California Supreme Court.

5

III. Stay and Abeyance

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines, 544 U.S. at 277; see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. Rhines, 544 U.S. at 278 (where a petitioner has met the standard for the granting of stay and abeyance, "the district court should stay, rather than dismiss, the mixed petition."); Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court has cautioned, however, that a "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court noted that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278.

In this case, petitioner has indicated in his opposition to respondent's motion to dismiss that, in the event that the court determines his petition contains unexhausted claims, he would like the court to construe his petition as a mixed petition and issue an order granting him a stay and abeyance. However, based on the information he has provided to the court, it is not clear that a stay and abeyance is appropriate in this case. Specifically, petitioner has not provided the court with sufficient facts and information to satisfy the requirements of Rhines. Based on petitioner's vague and conclusory allegations, the court cannot make a proper determination as to whether petitioner has good cause for not exhausting all of his claims before filing this action,
/////

whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claims.

Accordingly, under these circumstances, the court will recommend denying respondent's motion to dismiss and granting petitioner thirty days leave to file a renewed motion for a stay and abeyance. Any renewed motion for a stay and abeyance must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action;

IT IS HEREBY RECOMMENDED that:

1. Respondent's February 4, 2009 motion to dismiss (Doc. No. 10) be denied without prejudice; and

2. Petitioner be granted thirty days leave to file a renewed motion for stay and abeyance in accordance with the instructions above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole2134.157