IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE EDWARD COLES,

    Petitioner,                       No. CIV S-08-2134 LKK DAD P

    vs.

D.K. SISTO, Warden,                 <u>ORDER AND</u>

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 judgment of conviction entered in the Sacramento County Superior Court. Pending before the court is petitioner's motion for a stay and abeyance.[1]

**PROCEDURAL HISTORY**

        On September 11, 2008, petitioner commenced this action by filing a petition for writ of habeas corpus raising the following three claims:

---

[1] Petitioner has filed two identical motions for a stay and abeyance. Petitioner filed his first motion in response to findings and recommendations issued by the court. He filed his second motion in response the assigned district judge's order adopting those findings and recommendations. Under the circumstances of this case, the court will disregard petitioner's earlier-filed motion as duplicative and moot and proceed on petitioner's motion filed July 20, 2009.

1

> Ground one: Petitioner was denied his Sixth Amendment right of confrontation, due process of law, and a fair trial by the introduction of prejudicial hearsay testimony.
>
> Ground two: Petitioner contends his guaranteed right under the Sixth Amendment to the United States Constitution was severely abridged . . . [and that he was denied effective assistance of counsel during sentencing].
>
> Ground three: Petitioner contends the punishment imposed violates the Eighth Amendment's proscription against cruel and unusual punishment under the United States Constitution.

(Pet. at 5-6.)

On November 13, 2008, the court ordered respondent to file a response to the petition. Respondent filed a motion to dismiss, arguing that petitioner failed to exhaust the second and third claims in his federal petition. Petitioner filed an opposition to the motion, arguing that he had exhausted state court remedies. Specifically, petitioner explained that the State of California filed an information against him and his co-defendant Roosevelt Leon Cathey and that their trial court and direct appeal case numbers were the same. On direct appeal, Mr. Cathey argued to the California Supreme Court that he had received ineffective assistance of counsel and that his right to be free from cruel and unusual punishment under the Eighth Amendment had been violated. Petitioner argued that he should not have to re-exhaust these claims. In the alternative, petitioner argued that if the court found that he still needed to exhaust the second and third claims set forth in his federal petition, the court should construe his petition as a "mixed" petition and grant him a stay and abeyance.

On April 23, 2009, the undersigned issued findings and recommendations on respondent's motion to dismiss, finding that petitioner had failed to exhaust the second and third claims presented in his federal petition. Although petitioner's co-defendant may have raised claims on direct appeal that were similar to the second and third claims of petitioner's federal petition, petitioner's co-defendant's fair presentation of these claims had no bearing on petitioner's need to satisfy the exhaustion requirement. However, the undersigned determined

that respondent's motion to dismiss should nonetheless not be granted. Instead, the undersigned recommended that petitioner be given an opportunity to seek a stay and abeyance to allow him to return to state court to exhaust his unexhausted claims.

On June 30, 2009, the assigned district judge in this case adopted the findings and recommendations and ordered petitioner to file a motion for a stay abeyance. Petitioner has since filed a motion for a stay and abeyance. Respondent has not filed an opposition or otherwise responded to the motion.

**PETITIONER'S MOTION FOR A STAY AND ABEYANCE**

In his motion, petitioner explains that he mistakenly filed a "mixed" petition in this court. As described above, he believed that his co-defendant's fair presentation of the second and third claims in his federal petition would be sufficient to satisfy the exhaustion requirement in his case. Petitioner accurately notes that he will be unable to proceed in this action on his second and third claims until he exhausts state court remedies, so he requests a stay and abeyance.

**DISCUSSION**

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005). See also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist.Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to "mixed" petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state

court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

In this case, petitioner cannot present the second and third claims in his federal petition or any other new claims to this court until those claims have been fairly presented to the California Supreme Court. It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Accordingly, good cause appearing, petitioner's motion for a stay and abeyance should be granted.

## OTHER MATTERS

Also pending before the court is petitioner's motion for appointment of counsel. Petitioner is advised that there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

/////
/////
/////

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's May 7, 2009 motion for appointment of counsel (Doc. No. 16) is denied; and

2. Petitioner's May 12, 2009 motion for a stay and abeyance (Doc. No. 17) is disregarded as duplicative and moot.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's July 20, 2009 motion for a stay and abeyance (Doc. No. 19) be granted;

2. Petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole2134.sty